# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01550-MSK-NYW

VINCENT MACIEYOVSKI,

      Plaintiff,

v.

CITY AND COUNTY OF DENVER, Department of General Services,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Nina Y. Wang

      This civil action comes before the court on the "Plaintief's Motion Opposing the Appearance of the City Attourneys"[1] (the "Motion") filed on October 31, 2015 by Plaintiff Vincent Macieyovski ("Plaintiff" or "Mr. Macieyovski"). [#24].  The matter was referred to this Magistrate Judge pursuant to the Order Referring Case [#6] dated July 29, 2015 and the memorandum dated November 2, 2015.  [#25].  This court has reviewed the matter, the entire case file, and the applicable law and is sufficiently advised as to the issues presented.  For the reasons stated below, this court respectfully RECOMMENDS that the Motion be DENIED.

## BACKGROUND

      Plaintiff, proceeding *pro se*, initiated this action on July 22, 2015, asserting claims for national origin discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) ("Title VII") against Defendant City and County of Denver

---

[1] At times in this Recommendation, this court quotes directly from Mr. Macieyovski's filings. When doing so, the court does not correct any spelling or grammar and does not use [sic] to denote any errors.

Department of General Services ("Defendant" or "the City"). [#1]. Plaintiff alleges that prior to his termination with the City, he filed numerous complaints with the Equal Employment Opportunity Commission and several civil actions in the District of Colorado against the City for employment discrimination. [*Id.* at 2; *see Macieyovski v. City and County of Denver*, 06-cv-02580-WYD-BNB (D. Colo.); *Macieyovski v. City and County of Denver*, 10-cv-02280-RPM (D. Colo.); *Macieyovski v. City and County of Denver*, 13-cv-1186-WYD-NYW (D. Colo.)]. Plaintiff seeks unspecified injunctive relief, "reinstatement or front pay," compensatory damages, and "back pay, benefits and retirement and seniority." [*Id.* at 5].

On September 29, 2015, this court held a Scheduling Conference and entered a Scheduling Order. [#20, #21]. Defendant filed an Answer on October 7, 2015. Plaintiff filed the instant Motion on October 31, 2015. [#24]. In the first line of the Motion, Mr. Macieyovski invokes Rule 65(b)(1) of the Federal Rules of Civil Procedure. Upon review, it appeared to this court that Plaintiff's filing was more akin to a motion to disqualify counsel. Accordingly, this court ordered briefing on an expedited basis in recognition of Plaintiff's invocation of Rule 65(b)(1). [#26]. Defendant filed a timely Response on November 12, 2015 [#27], but Plaintiff did not file a Reply by the deadline and has not filed a Reply to date.

## ANALYSIS

The court construes Mr. Macieyovski's papers liberally because he is appearing *pro se*. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). From best this court can discern, Plaintiff appears to allege in the Motion and the Complaint that Defendant is accountable for the misuse of millions of dollars and that he was terminated, in part, as a result of whistleblowing efforts. Plaintiff asserts:

> [i]n this legal framework, the appearance of the [City Attorney] spearheading the [Defendant's] legal defense, which most likely is unlawful under the [Denver

2

Revised Municipal Code] and the multi millions dollars waste due to malfeasance and incompetence of the hierarchy are not benefiting the public interest, thus the city's attorneys are in essence providing a cover for the malfeasances to thrive, while the [City Attorney] has a fiduciary duty to guard against it.

[#24 at 2].[2]

As noted above, Plaintiff filed the Motion pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure.  [#24 at 1].  Although that Rule refers to a request for an *ex parte* temporary restraining order, in light of the fact that Plaintiff did not file either a verified complaint or provide any reason as to why Defendant should not have an opportunity to respond, the court permitted Defendant to file a Response to the Motion.  [#26].  This court first analyzes the Motion under the standards for issuance of a temporary restraining order. The court then considers whether disqualification of counsel is appropriate under the standard for a motion to disqualify counsel, because the arguments and relief sought in the Motion lend themselves to such a motion. While the court gives Plaintiff's filings liberal construction, the court cannot and will not act as his advocate.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

I.     **Motion for Temporary Restraining Order**

Rule 65(b)(1) allows the court to issue an *ex parte* temporary restraining order when:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  If the movant satisfies the threshold requirement, then the court considers whether a temporary restraining order should issue under the traditional standards

---

[2] Plaintiff attaches a copy of the Department of General Services' Contract Administration Follow-up Report from June 2015 as an exhibit to the Motion.  [#24-1].

applicable to preliminary injunctions. *See S. Ute Indian Tribe v. U.S. Dep't of the Interior*, No. 15-CV-01303-MSK, 2015 WL 3862534, *1 (D. Colo. June 22, 2015)

To succeed on a motion for a preliminary injunction, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008)). Because a temporary restraining order or preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal. *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotations omitted); *Soskin v. Reinertson*, 260 F. Supp. 2d 1055, 1056 (D. Colo. 2003). Granting such "drastic relief," *United States ex. rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

Mr. Macieyovski's Motion satisfies neither element of Rule 65(b)(1). Mr. Macieyovski provides no affidavit or sworn declaration with his Motion, nor did he file a verified complaint. [#1]. He also has failed to provide any certification as to the efforts he made to contact defense counsel or why he should be relieved of such duty. *See McDonald v. J.P. Morgan Chase Bank, N.A.,* No. 12-CV-02749-MSK, 2012 WL 4936484, at *2 (D. Colo. Oct. 17, 2012). Even assuming that Plaintiff would verify the statements made in his Complaint and Motion and that he could establish why opposing counsel need not be contacted (*e.g.*, because of the alleged inherent conflict), Plaintiff does not address any of the four criteria for preliminary injunctions

listed above, other than to state in conclusory fashion that disqualification of the City Attorney is in the public's best interest.  He has provided no factual support for that assertion; nor has he demonstrated a likelihood of success on the merits of his Title VII action, that he will suffer irreparable harm if the City Attorney continues to represent Defendant, or that the balance of equities tips in the his favor.[3]

Accordingly, this court concludes that Mr. Macieyovski has failed to carry his burden under Rule 65(b)(1) to require a temporary restraining order to issue.

## II.    Motion to Disqualify

Motions to disqualify are governed by two sources of authority: attorneys are bound by the local rules of the court in which they appear; and, "because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law."  *Cole v. Ruidoso Municipal Schools*, 43 F.3d 1373, 1383 (10th Cir. 1994) (citation omitted).  The District of Colorado has adopted most of the Rules of Professional Conduct established by the Colorado Supreme Court. *See* D.C.COLO.LAttyR 2.  Typically, "the control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge, and is thus a matter of judicial discretion, *see Cole*, 43 F.3d at 1383; however, the court should not resort to disqualification "unless the claimed misconduct in some way taints the trial or the legal system." *Federal Deposit Insurance Corp. v. Isham,* 782 F. Supp. 524, 528 (D. Colo. 1992) (internal quotation marks and citation omitted).  "[C]ounsel cannot be disqualified on the basis of speculation or conjecture, and the

---

[3] In addition, "[t]he purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial on the merits can be held." *Bray v. QFA Royalties LLC,* 486 F. Supp. 2d 1237, 1241 (D. Colo. 2007) (citation omitted).  While Mr. Macieyovski does not necessarily seek to change the legal positions of the Parties' prior to trial, he does seek an injunction that would

Court may rule on disqualification only after the moving party has alleged facts which demonstrate a potential violation of the disciplinary rules." *Federal Deposit Ins. Corp. v. Sierra Resources, Inc.,* 682 F. Supp. 1167, 1170 (D. Colo. 1987).

Even construing Plaintiff's Motion liberally, Plaintiff has provided no concrete reason as to why disqualification is appropriate here.  Mr. Macieyovski does not identify which Rule of Professional Conduct he avers the City Attorney or the particular counsel of record has violated, nor has he described with any particularity how the City Attorney has engaged in misconduct that taints this action or the legal system.  *Cf. City and County of Denver v. County Court of City and County of Denver*, 37 P.3d 453, 456 (Colo. App. 2001) (affirming disqualification of city attorney on basis of appearance of impropriety). Instead, Plaintiff's allegations are opaque at best:

> In addition, the Auditor had distributed copies of this Reports to public officials; all of whom had taken the Oath of Office, including the Mayor, the City' Councils and the City' Attorney Scott Martinez. Mr. Martinez as the City's Attorney also serves as counsel and legal advisor of the Mayor as well as the Auditor, and yet the Auditor is powerless unable to implement their recommendations. In view of this, the compliance mechanism within the City and County organizational structure has failed, as officials with fiduciary responsibilities not fulfilling their duties and/or breaching their oath, the result is the multimillion dollar taxpayer funded waste.

[#24 at 5].  Mr. Macieyovski also accuses the City Attorney's Office of bullying him and being incompetent [*id.* at 7], again, with no specific factual allegations. Without more, this court cannot conclude that the City should be deprived of its counsel of choice, in this case, Messrs. Nachman and Sauer from the City Attorney's Office.

---

cause the City to seek alternative counsel, *i.e.*, a change in the *status quo*.  Mandatory injunctions are subject to heightened consideration.  *RoDa Drilling*, 552 F.3d at 1209.

# CONCLUSION

Accordingly, this court respectfully **RECOMMENDS** that "Plaintief's Motion Opposing the Appearance of the City Attourneys" [#24] be **DENIED**.[4]

DATED:  November 23, 2015                    BY THE COURT:

                                             s/Nina Y. Wang
                                             United States Magistrate Judge

---

[4] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).