**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01550-MSK-NYW

VINCENT MACIEYOVSKI,

      Plaintiff,

v.

CITY AND COUNTY OF DENVER, Department of General Services,

      Defendant.

---

## MINUTE ORDER

---

Entered By Magistrate Judge Nina Y. Wang

      This matter is before the court pursuant to the Joint Motion for Entry of Protective Order [#32, filed February 19, 2016] and Plaintiff's "Opposing Motion To The Defendant Join And Stipulated Motion For Protective Order" ("Opposition") [#34, filed February 29, 2016]. These motions were referred to this Magistrate Judge pursuant to the Order of Reference dated July 29, 2015 [#6] and the Memorandum dated February 22 and 29, 2016 [#32, #34]. The court has reviewed the Parties' papers and has held a Status Conference on March 7, 2016.

      Courts in this District have ordered the entry of Protective Orders to facilitate discovery that may implicate a party's confidential information. *See Gillard v. Boulder Valley School Dist.*, 196 F.R.D 382 (D. Colo. 2000). Parties are not required to designate documents as confidential, and designation of confidentiality under a Protective Order does not necessarily result in restriction of the document or the information from the public record. *See* D.C.COLO.LCivR 7.2(c). The mere fact that any party—or even a third-party—designates the document as sensitive for purposes of a protective order is not grounds for restriction. *See L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, No. 10-CV-02868-MSK-KMT, 2015 WL 5117792, at *24 (D. Colo. Sept. 1, 2015). Therefore, the entry of a Protective Order does not necessarily result in the restriction of public access to Defendant's documents, a concern identified by Plaintiff during the telephonic Status Conference.

      This court has reviewed the Proposed Protective Order [#32-1], and notes that Plaintiff's stated objection appeared to be that Defendant had not sent him a final version before filing it. To the extent that this court understands Plaintiff's Opposition seeks to strike the Protective Order, such motion cannot be brought in a response. D.C.COLO.LCivR 7.1(d).

Finding good cause to enter the Protective Order to allow for discovery that might otherwise draw an objection based on the sensitive nature of the information, **IT IS ORDERED** that:

(1) The Joint Motion for Entry of Protective Order [#32] is **GRANTED**;

(2) Defendant's Opposing Motion To The Defendant Join And Stipulated Motion For Protective Order is **DENIED**; and

(3) This court will separately enter the Protective Order.

DATED: March 7, 2016